Alexander Del Giorno, J.
This is a motion for an order permitting the claimant to file his claim in accordance with the provisions of subdivision 5 of section 10 of the Court of Claims Act.
The proposed claim sets forth that on the 9th day of December, 1956, the claimant, while operating his automobile on the New York State Thruway at or near a certain milepost in the town of Coxsackie, County of Greene, State of New York, sufered personal injuries because of the alleged negligence of the State. The injuries sustained consisted of a fracture of the right tibia involving the right knee joint and contusions, abrasions and lacerations. A police report of the accident was made and filed by a State trooper.
After the accident, the claimant was removed to a hospital and remained there until December 18, 1956, on which date he returned to his home under the care and treatment of his personal physician. The affidavit of the latter indicates that the claimant was totally disabled and unable to leave his home until at least the middle of May, 1957; that although he had a cast on his fractured leg he was unable to bear any weight upon it and could not move around; that he prescribed sedatives and other tranquilizers for the claimant until approximately the early part of May, 1957 and that in his opinion the claimant was totally disabled from the date of the accident until at least the early part of May. There is submitted in addition the affidavit of an orthopedic specialist to whom the claimant was referred by his personal physician. This specialist states that as of the 4th day of June, 1957, the claimant still is disabled totally.
*680 The claimant states that because of his restriction to his home he first consulted his attorneys in the early part of May, 1957, and was advised then for the first time that a notice of claim had to be filed within 90 days after the accrual of the claim. Under the terms of the Court of Claims Act, the notice of claim must have been filed on or before March 8, 1957.
Subdivision 3 of section 10 of the Court of Claims Act provides: “ A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall .be filed within two years after the accrual of such claim.”
Subdivision 5 of the same section provides that a claimant who fails to file a claim or notice of intention as above within the time so limited may be permitted to file his claim, in the discretion of the court, within two years after the accrual thereof. An application made hereunder must show a reasonable excuse for the failure to file the notice and that the State, prior to the expiration of the time limited for the filing, had actual knowledge of the essential facts constituting the claim. It is further provided that no such application shall be granted if the court shall find that the State has been prejudiced substantially by the failure of the claimant to file within the time limited.
Section 10 of the Court of Claims Act was enacted principally to enable the State to be advised of the conditions of which complaint is made as soon as possible after the occurrence of the event and before the conditions may change, witnesses disappear or the facts surrounding the claim become impossible to corral. The occurrence of any or all of these events would place the State in such a position that it could not attack the claim or defend against it properly.
Upon presentation to it of a reasonable excuse for the failure to file the notice of claim, such as either mental or physical disability, or both, the court is enabled to permit the filing of the notice up to a time two years from the accrual of the claim.
The question involved here is whether the claimant has presented reasonable excuse for the failure to file. In order to answer this question the court must interpret the meaning of disability as herein presented. By disability constituting reasonable excuse for failure to file, does the statute contemplate complete immobilization, absolute negative existence, complete dependence upon others for the preservation of life during the *681 period of incapacity; or can there be disability even though, as in the instant case, a person may hobble about with a cane in his home for the purpose of performing the necessities of life, may be able even to reach an automobile in front of his home to be driven to the doctor or hospital for treatment, the while suffering continuous physical pain, distortion of body performance, mental distress and consequent depression and being unable to attend to his business ?
The court feels that claimant has presented reasonable excuse for his failure to file his claim within the required time, by reason of disability. The court is of the opinion that in this day and age the tendency in our courts is and should be to eliminate formalistic and legalistic bastions. Adversaries should be permitted to come to grips in a fair joust before the court, where each may be able to present his case on the merits and then accept the judgment of the court. The more liberal approach to this phase of the law is to be preferred, particularly where, as here, from the date of the accident the State has been provided with sufficient information as to the facts of the matter.
The State had actual knowledge of the essential facts constituting the claim, and has not been prejudiced substantially by the failure of the claimant to file within the time limited.
The motion is granted. Settle order on notice.